## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STANLEY EASTON EL,** | : | **Case No.:    07-cv-839 (RMU)** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION,** | : | |
| **Respondent** | : | |
| | : | |

## U.S. PAROLE COMMISSION'S OPPOSITION TO
## PETITIONER'S PRO SE PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission ("Commission"), through its attorney, the U.S.

Attorney for the District of Columbia, hereby opposes Petitioner's pro se petition for a writ of

habeas corpus.  In his petition, Petitioner argues that he is entitled to habeas relief because the

Commission violated its own regulations when it failed to hold his parole revocation hearing

within 60 to 90 days of his arrest on its parole violator warrant.  However, based on the

following arguments, Petitioner's habeas petition should he summarily denied.

## PROCEDURAL HISTORY

On December 2, 1994, the Honorable Shellie Bowers, of the Superior Court of the

District of Columbia, ordered Petitioner to serve consecutive sentences for the following

offenses: 1) Simple Assault, 180 days of incarceration on Count C, and 120 days of incarceration

for Counts G and K; and 2) Threats to Injury a Person, 10-30 months' incarceration for Count E,

six to 18 months' incarceration for Counts F and H; 11- 33 months' incarceration for Count I, N,

and O; and eight to 24 months' incarceration for Counts J and L.  See Attachment A (Judgment

and Commitment Order, Criminal Case No. F-6227-94).  On November 8, 1998, the

Commission denied Petitioner's request for parole, and his case was continued for a rehearing in

August 2000. <u>See</u> Attachment B (Notice of Action, November 9, 1998). On January 10, 2002, the Commission again denied Petitioner's request for parole. <u>See</u> Attachment C (Notice of Action, January 28, 2002). At that time, the Commission determined that Petitioner's case should be continued for rehearing in January 2004, after Petitioner served 24 additional months of imprisonment. <u>Id</u>. On December 18, 2003, the Commission determined that it would place Petitioner on presumptive parole on October 31, 2004, which the Commission ultimately did. <u>See</u> Attachments D and E (Notice of Action, December 18, 2003; Certificate of Parole, October 29, 2004).

On August 17, 2006, Petitioner was arrested and charged with simple assault (domestic). <u>See</u> Attachment F (Arrest Report, August 27, 2006). The U.S. Attorney's Office for the District of Columbia charged Petitioner with simple assault, the case proceeded to trial, and Petitioner was ultimately found guilty for this offense. <u>See</u> Attachment G (Judgment and Commitment Order, December 15, 2006). On December 15, 2006, the Honorable Robert Richter sentenced Petitioner to 90 days in jail, with the execution of that sentence to be suspended as to all but 15 days, to be followed by one year of supervised probation upon his release in Criminal Case No. 2006 DVM 1930. <u>Id</u>. On December 26, 2006, the Commission issued a parole violator warrant for Petitioner's arrest, which was executed two days later. <u>See</u> Attachment H at 2 (Warrant, December 26, 2006). The basis of the warrant was Petitioner's newly-acquired conviction for simple assault. <u>Id</u>. at 3. Consequently, a parole revocation hearing was set for April 30, 2007. <u>See</u> Attachment I (Memo Regarding Hearing, April 30, 2007). However, at Petitioner's request, the parole revocation hearing was continued so that he could secure the presence of a witness at his hearing. <u>Id</u>. Therefore, the Commission continued the hearing to the next available date,

2

which was May 17, 2007.  <u>See</u> Attachments J and K (Notice of Action, May 7, 2007; Hearing Summary, May 29, 2007).

During the parole revocation hearing, Petitioner's girlfriend, Darlene Dantveler, testified on Petitioner's behalf about their relationship.  <u>See</u> Attachment K at 1-2.  She testified that Petitioner is the father of one of her children, that they have a good relationship with each other, and that she hoped that she and Petitioner would eventually get married.  <u>Id</u>.  However, the hearing examiner elicited testimony from Ms. Dantveler regarding the incident that led to Petitioner's arrest on August 27, 2006.  <u>Id</u>.  Although Petitioner testified at the hearing and denied that he assaulted Ms. Dantveler, the hearing examiner found that Petitioner violated his conditions of parole by committing this offense, which was established by his conviction.  <u>Id</u>. at 3.  Consequently, the hearing examiner recommended that the Commission revoke Petitioner's parole, deny him credit for the time he had previously spent on parole, and re-instate his parole after he had served a period of 12 months' incarceration.  <u>Id</u>. at 4.

On June 1, 2007, the Commission followed the recommendation of the hearing examiner, and revoked Petitioner's parole, ordering his re-parole effective December 27, 2007.  <u>See</u> Attachment L (Notice of Action, June 1, 2007).

<u>**ARGUMENT**</u>

On May 7, 2007, Petitioner's habeas petition was received for filing at the U.S. District Court for the District of Columbia.  In his petition, Petitioner claims that he should have received his parole revocation hearings within 60 to 90 days of the execution of the parole warrant.  The law that applies to defendants who are convicted pursuant to the District of Columbia Code is found in D.C. Code §24-401 *et seq*.  <u>See</u> National Capital Revitalization and Self-Government

Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective

August 5, 1998); D.C. Code §24-131(c) ("The Parole Commission shall exercise the authority

vested in it by this section pursuant to the parole laws ... of the District of Columbia ... .") Thus,

petitioner's right to a timely revocation hearing is derived from 28 C.F.R. §2.101(e), which

applies to District of Columbia Code prisoners and parolees.  Pursuant to 28 C.F.R. § 2.101(e), a

final revocation hearing shall be scheduled within 90 days of the parolee's arrest if the Petitioner

was entitled to an institutional revocation hearing based on his conviction on the new charge.

See 28 C.F.R. 2.102(d)((1)(ii).

Although a revocation hearing for petitioner was not scheduled within 90 days of

petitioner's arrest on the parole warrant, he is not entitled to a hearing before this Court on this

issue, nor is he entitled to be released from custody.   Mere delay in a revocation hearing does

not entitle a parole violator to be released from custody.   To the contrary, in the absence of a

showing that the delay was both unreasonable and prejudicial, petitioner is not entitled to habeas

relief.   Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983).   Though it is unclear why a

hearing was not held within the time prescribed by 28 C.F.R. § 2.101(e), it is clear from the

existing record that Petitioner has not demonstrated prejudice resulting from this delay.  In fact,

the record demonstrates that on April 30, 2007, Petitioner's own attorney asked that his

revocation hearing be continued, so that he could secure the presence of a witness for the

hearing, which was held 17 days later.   At his hearing, Petitioner presented the testimony of his

girlfriend in an attempt to establish that he did not commit any violations of his parole

conditions.  Since Petitioner requested a continuance, which further delayed the proceedings, he

cannot now argue that he suffered prejudice as a result of any delay in holding his parole

4

revocation hearing, particularly since the parole violation was conclusively established by his conviction. <u>See</u> <u>Morrisey v. Brewer</u>, 408 U.S. 471, 490 (1972) (a parolee, in a parole revocation proceeding, cannot re-litigate issues determined against him in other forums, as in a situation where the revocation of his parole is based on the conviction of another crime).   Therefore, in the absence of a showing of prejudice, Petitioner is not entitled to habeas relief.  <u>Sutherland</u>, 709 F.2d at 732.  Accordingly, Petitioner's petition for a writ of habeas corpus should be summarily denied.

       A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

ROBERT D. OKUN
Chief, Special Proceedings Section

_____/s/_____
TRICIA D. FRANCIS
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9870

<u>CERTIFICATE OF SERVICE</u>

I certify that I caused the foregoing government opposition to be mailed this _13th _____ day of June, 2007, to the defendant, Stanley Easton, El, DCDC # 197-526, District of Columbia Central Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003.

_____/s/_____
TRICIA D. FRANCIS
Assistant United States Attorney

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STANLEY EASTON EL,** | : | **Case No.:**   **07-cv-839 (RMU)** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION,** | : | |
| **Respondent** | : | |
| | : | |

## ORDER

Upon consideration of the United States Parole Commission's Opposition, and for the

reasons stated in the United States Parole Commission's Opposition, it is hereby

ORDERED that the show cause order is discharged and that petitioner's Petition for a

Writ of Habeas Corpus is denied.

SO ORDERED

_____
HON. RICARDO M. URBINA
United States District Court
District of Columbia

Date:  _____

Copies to:

Tricia D. Francis
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Room 10-447
Washington, D.C. 20530

Rockne Chickinell
Office of the General Counsel
U.S. Parole Commission
5550 Friendship Boulevard
Suite 420
Chevy Chase, MD 20815

Stanley Easton El
DCDC # 197-526
District of Columbia Central Treatment Facility
1901 D Street, S.E.
Washington, D.C. 20003

ATTACHMENT A

*197.526*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**United States of America**
**District of Columbia**

*OCC-97*

vs.

*Stanley L. Easten*

Case No. *F-6227-94*

PDID No. *297-148*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of _____
*Counts (C)(G)(K) Assaults*
*Counts (E)(F)(H)(I)(J)(L)(N)(O) Threatening to Injure a Person*
and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count (C) - 180 day*
*Count (G) 120 days - Count (K) 120 days  Count (E) 10-30 months*
*Count (F) 6-18 months, Count (H) 6-18 months, Count (L) (?)*
*Count (I) 11-33 months  Count (J) 8-24 months, Count (L)*
*8-24 months, Count (N) 11-33 months + Count (O) 11-33*
*months, These sentences to be served consecutive to one another*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☒ MANDATORY MINIMUM term does not apply.
☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

**EXHIBIT**
**A**

Costs in the aggregate amount of $*230.00* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. *(deduct from prison pay)*
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*12/2/94*
/Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32

*12/2/94*
/Date

_____
Deputy Clerk

A

# ATTACHMENT B

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

Name: EASTEN, Stanley

Register Number: 00197+526          Institution: Youngstown Facility

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in August, 2000, after the service of 18 months from your parole eligibility date of February 21, 1999.

THE ABOVE DECISION IS NOT APPEALABLE.

**REASONS**:

Base Point Score:  7
Total Point Score: 5

Under the guidelines for D.C. Code offenders at initial hearings, your Total Point Score includes a deduction of 2 points for superior program achievement.

The guidelines for adult offenders at initial hearings indicate that parole should not be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 7, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date.  After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is not warranted.

See the attached sheet for your individual item points and explanations of the Salient Factor Score, Base Point Score and Total Point Score.  The tables at the bottom of the sheet present the parole and rehearing guidelines.

**EXHIBIT**

B

Date: November 9, 1998                                        Clerk: adc

Page 1 of 2                        EASTEN.197

| Your Pts | SFS-98 Item Explanations          SALIENT FACTOR SCORE (SFS-98) |
|----------|---------------------------------------------------------------|
| 0. . . . | A - Prior convictions/adjudication (adult or juvenile) None = 3; One = 2; Two or more = 1; Four or more = 0 |
| 0. . . . | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1. . . . | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0. . . . | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 1. . . . | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0. . . . | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2. . . . | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Your Pts | Total Point Score Item Explanations          TOTAL POINT SCORE |
|----------|---------------------------------------------------------------|
| +3. . . . | I - Contribution from Salient Factor Score 10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3 |
| +4. . . . | II - Current or Prior Violence Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1 |
| +0. . . . | III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II) Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder = +2; Current offense was other high level violence = +1 |
| 7. . . . | Base Point Score (sum I-III above) |
| +0. . . . | IV - Negative Institutional Behavior Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1 |
| -2. . . . | V - Program Achievement Ordinary program achievement = -1; Superior program achievement = -2 |
| 5. . . . | **Total Point Score** (sum of Base Point Score and points for IV and V above) |

| Adult Parole/Supervision Guidelines | | | Rehearing Guidelines | | | Points For SFS Item C | | | |
|---|---|---|---|---|---|---|---|---|---|
| Total Point Score | Initial Hearing | Rehearing | Base Point Score | Months to Rehearing | | Age | Prior Commitments | | |
| | | | | | | | 0-3 | 4 | 5+ |
| 0 | Grant Parole Low Supv | Parole With Highest Level of Supervision | 0-4 | 12-18 | | 26 & Up | 3 | 2 | 1 |
| 1 | Grant Parole High Supv | | 5-8 | 18-24 | | 22-25 | 2 | 1 | 0 |
| 2 | Grant Parole Highest Supv | | 9 | 22-28 | | 20-21 | 1 | 0 | 0 |
| 3 | Deny Parole | | 10 | 26-32 | | 0-19 | 0 | 0 | 0 |
| 4+ | | Deny Parole | | | | | | | |

**Date: November 9, 1998**                              Clerk: adc

EASTEN.197

ATTACHMENT C

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: EASTEN, Stanley | Institution: Raleigh CCM |
| Register Number: 05722-016 | Greensville Correctional Facility |
| DCDC No: 197-526 | Date:    January 28, 2002 |

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in January 2004, after the service of 24 months from your hearing date of January 10, 2002.

**REASONS:**

Your Total Point Score from your last hearing is 5 points.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes 1 point for negative institutional behavior since your last hearing.

Your current Total Point Score is 6 points.  See the attached sheet for an explanation of your individual item points and current Total Point Score.  The table at the bottom presents the parole and rehearing guidelines.

The guidelines for adult offenders at rehearings indicate that parole should not be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 7, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months of your rehearing.  After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

**EXHIBIT**
C

Clerk:    MDD

**TOTAL POINT SCORE**

| Your Pts | Total Point Score Item Explanations |
|---|---|
| 5 | **Previous Total Point Score** (calculated at your previous hearing) |
| 1 | IV – Negative Institutional Behavior (since your last hearing)<br>Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened, (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1 |
| -0 | V – Program Achievement (since your last hearing)<br>Ordinary program achievement = -1; Superior program achievement = -2 |
| 6 | **Current Total Point Score** (sum of Previous Total Point Score and points for IV and V above) |

| Adult Parole Guidelines | | Rehearing Guidelines | |
|---|---|---|---|
| Total Point Score | | Base Point Score | Months to Rehearing |
| 0 | Rehearing | 0-4 | 12-18 |
| 1 | Parole | 5-8 | 18-24 |
| 2 | | 9 | 22-28 |
| 3 | | 10 | 26-32 |
| 4+ | Deny Parole | | |

# ATTACHMENT D

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

| | |
|---|---|
| Name:  EASTEN, Stanley | Institution:  Leavenworth USP |
| Register Number:  05722-016 | |
| DCDC No:  197-526 | Date:      December 18, 2003 |

In the case of the above-named, the following parole action was ordered:

Continue to a presumptive parole (October 31, 2004) after service of 124 months.  This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan.  The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled.  In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date.  If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration.  If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

NOTE:  You have been found eligible for consideration under the Commission's presumptive release date policy at 28 C.F.R. 2.75 (effective January 4, 2001.)

In addition, you shall be subject to the Special Mental Health Aftercare Condition which requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

**REASONS**:

Your Current Total Guideline Range is 92-112 month(s).  See the attached sheet for the components that make up your Current Total Guideline Range.  These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 114 months as of December 31, 2003.

After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score in that your base offense behavior involved at least 8 threats or assaults of the same victim with at least one of the assaults causing the victim to be treated at a hospital.  Your repeated attacks of the same victim make you a more serious risk than indicated by the base point score.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

---

EASTEN 05722-016                              -1-                    Clerk:   MDD
Queued: 12-18-2003 14:28:01 BOP-Leavenworth USP |

EXHIBIT
D

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001



## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-2 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## CURRENT TOTAL GUIDELINE RANGE

**7 ---- Base Point Score**

| | |
|---|---|
| 54 — 72 | Base Point Score Guideline Range |
| 56 — 56 | Months Required to Serve to Parole Eligibility Date |
| 0 — 6 | Disciplinary (before last hearing) |
| less 18 — 24 | Superior Program Achievement (before last hearing) |
| 92 - 110 | Previous Guideline Range Conversion |
| 0 — 2 | Disciplinary Guideline Range |
| less 0 — 0 | Superior Program Achievement Award (if applicable) |
| **92 - 112** | **Current Total Guideline Range** |

| Base Point Score Guideline Range | |
|---|---|
| Score | Guideline Range |
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-172 months |

ATTACHMENT E

USPC                10/19/2004 9:03    PAGE 2/4    Fax Server

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Easten, Stanley, Register No. 05722-016, (DCDC No. 197-526) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **October 31, 2004** and remain under parole supervision through **December 28, 2008**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on October 19, 2004.

UNITED STATES PAROLE COMMISSION

*Janice C. Bradford*

By:     Janice C. Bradford,  Correspondence
Specialist

Docket/Case Number: F-6227-94
Initial Risk Category:  SFS - 2

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____     05722016
               Name                                 DCDC No.

Witnessed: _____  10/29/04
               Name and Title                        Date

The above-named inmate was released on the 29 day of October, 2004 with a total of 1519 days remaining to be served.

*Joseph Walmer*

Official Certifying Release

Queued: 10-19-2004 16:20:47 BOP-Hope Village CCC |

**EXHIBIT**
**E**

USPC                10/19/2004 9:03    PAGE 3/4    Fax Server

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and must not associate with someone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 10-19-2004 16:20:47 BOP-Hope Village CCC |

USPC                    10/19/2004 9:03    PAGE 4/4    Fax Server

### SPECIAL CONDITIONS

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.



ATTACHMENT F

08/28/2006 16:00 FAX 2025857501          SPECIAL PROJECTS          → TEAM 14          002/003

69_2

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

**ARREST/PROSECUTION REPORT**

P.D. 163 Rev. 1/2002          G.O. 401.5

| Field | Value |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | |
| 2. ID NUMBER (ID ONLY) | 29714 |
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | |
| 4. CID NUMBER | |
| 5. UNIT-ARREST NO. | 07P63933 |
| 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) | Easton, Stanley LEON |
| 7. DEA LAB NUMBER | |
| 8. Arresting Officer's Name | L. Vaughan |
| 9. TYPE OF RELEASE: ☐ CITATION ☐ BOND ☐ COLLATERAL | 4/4 |
| 10. NICKNAME / ALIAS | |
| 11. PHONE NUMBER | |
| Rank P.O. | Badge # 3929 | Agency MPD |
| 12. COURT DATE | 08/28/06 |
| 13. ADDRESS | (Inside ☐ Outside D.C.) |
| 14. TIME IN D.C. | Life |

| 15. ☐ CHILD ABUSE | ☐ GANG | ☐ HATE | ☐ SENIOR CITIZEN | ☒ DOMESTIC VIOLENCE | 16. SEX ▸ Male | 17. RACE ▸ Black | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER unknown |
| SPECIAL INTELLIGENCE |

| 20. NEED INTERPRETER? ☐ YES ☒ NO | 21. HEIGHT 5'9 | 22. WEIGHT 200lbs | 23. HAIR bal | 24. EYES brn | 25. COMPLEX Med | 26. PERMIT NO/ST | 27. BIRTHPLACE (City & State) WDC |

| 28. CO-DEFENDANTS: Number 0 (If more than 3, list on back) NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY afro-american | 31. CAUTION |
| 1. | 32. SCARS/MARKS/TATTOOS |
| | 33. HAT | 34. JACKET | 35. PANTS gry shorts |
| 2. | | | |
| 3. | 36. COAT | 37. SHIRT burg | 38. SKIRT/DRESS |

| CHECK MADE BY (Name) Everett | 39. WALES/NCIC CHECK NCIC NUMBER 97599 | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☐ No ☒ |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) ▸ 3056 30ᵗʰ St., S.E. #4 | DATE OF OFFENSE ▸ 08-27-06 | TIME OF OFFENSE ▸ 0010hrs |
| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) ▸ 3056 30ᵗʰ St., S.E. #4 | DATE OF ARREST ▸ 0-27-06 | TIME OF ARREST ▸ 0100hrs |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▸ Wilmore, Bernard, Ofc.2874, 7D, MPD | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▸ Rollin,S. Ofc., 912, 7D |

| DATE | TIME | 43. DEFENDANT ADVISED OF RIGHTS LOCATION Not Advised | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |

| 44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)   MORE ☐   See Back |
| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
| 1 | | | | |
| 2 | | | | |

| SPEC. OPS one | 46. TACTICS 2 - Radio Run | 47. PREMISES 5 - Apartment | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA./BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Simple Assault (DV) | | 117-628 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
| PROPERTY BOOK/PAGE NO. | CSES NO. | |
| | | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS |

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

**EXHIBIT F**

ATTACHMENT G

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

_step back_

Case No. _2006 DVM 1751_
PDID No.: _297148_

vs.

_Stanley Easton_

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty  ☒ ___ ☐ Guilty to the Charge(s) of _____
_Count (1)_ _Simple Assault_

and having been found guilty by  ☐ Jury  ☒ Court, it is hereby **ORDERED** that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby **SENTENCED** to _____
_10 days ; ESS as to all but_
_15 days;_

_one (1) year supervised probation_

☐  **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☐  **MANDATORY MINIMUM** term does not apply.

☒  **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐  **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒  **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

　☒  Observe the general conditions of probation listed on the back of this order.

　☐  Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

　☐  Treatment for  ☐ alcohol problems  ☐ drug dependency or abuse as follows: _____

　☐  Restitution of $ _____ in monthly installments of $ _____ beginning
（see reverse side for payment instructions.）

☒  ~~The Court will distribute monies to~~  _Enter + complete DVIP Stay away_
_no contact with Darlene Dunston except by court order for_
_visitation_

Costs in the aggregate amount of $ _30.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and  ☐ have  ☒ have not been paid. _due by 4/6/07_

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

_12-15-06_
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

_12-15-06_
Date

Judge _Richter_

Deputy Clerk

**EXHIBIT G**

Form CD(18)-1040/Oct. 01

# ATTACHMENT H

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Easten, Stanley, Reg. No. 05722-016, DCDC No. 197-526, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 18 years; 10 months and 25 days (D.C. Omnibus-Aggregate) for the crime of Assault (3 counts), Threatening to Injure a Person (8 counts) and was on 10/31/2004 released on parole from Hope Village CCC with 1521 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 26, 2006

_____
U.S. Parole Commissioner

**EXHIBIT**
**H**

**Easten, Stanley**
**Reg. No. 05722-016    DCDC No. 197-526**

## WARRANT For Return Of Prisoner Released To Supervision

Name:  **Easten, Stanley**
Reg. No. 05722-016

Institution:  Leavenworth USP
DCDC No.  **197-526**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of The District of Columbia ss:

Received this writ the __26__ day of __December__, 20 _06_, and executed same by arresting the within-named __Stanley Easten__

this __28__ day of __December__, 20 _06_,

at __1200__ and committing him to __DC Jail__

G Walsh
*U.S. Marshal*

*Deputy Marshal*

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
*U.S. Marshal*

_____
*Deputy Marshal*

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated __December 26, 2006__

X_____
*Prisoner's Signature*

12/28/06
*Date*

*(If prisoner refuses to sign, Marshal should so indicate.)*

Easten, Stanley
Reg. No. 05722-016    DCDC No. 197-526

U.S. DEPARTMENT OF J'  ICE                          V   RRANT APPLICATION
UNITED STATES PAROLE COMMISSION                         D.C. Code Offender

Name.............................. **Easten, Stanley**
Reg. No .......................... 05722-016              Date...........................................**December 26, 2006**
DCDC No. ...................... 197-526                   Termination of Supervision .....12/28/2008
FBI No ........................... 591601V10              [If Conviction Offense Before April 11, 1987 And
Birth Date ....................                           Offender Is On Mandatory Release, Termination
Race ............................... **Black**           Date Is 180 Days Prior To Full Term]
                                                         Violation Date ..........................8/28/06
                                                         Released .................................10/31/2004

Sentence Length............ 18 years; 10 months and 25 days (D.C. Omnibus-Aggregate)
Original Offense............ **Assault (3 counts), Threatening to Injure a Person (8 counts)**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violation. Assault.** On 8/28/06, during a domestic dispute, the release attempted to prevent to victim from calling the police by grabbing the victim by the throat causing a laceration across her neck. The releasee was arrested by the MPD for the above-cited offense. On 12/15/06, the releasee was convicted by the D.C. Superior Court for the above-cited offense and sentenced to 90 days with all but 15 days suspended. This charge is based on the information contained in the Prism printout dated 12/26/06 CSO report dated 8/26/06 and a police report dated 8/29/06.
I ADMIT [  ] or DENY [   ] this charge.

**Probable Cause Hearing Is Not Required**                Warrant Recommended By:

Warrant Issued................... **December 26, 2006**    Jequan S. Jackson, Case Analyst
                                                          US/Parole Commission
Community Supervision Office Requesting Warrant:          General Supervision –Team 14

ATTACHMENT I

## MEMO REGARDING HEARING

**Name:  Easten, Stanley**                                        **Reg No:  05722-016**

To ......................................................: **Case Operations Administrator**
Hearing Date ......................................: April 30, 2007
Examiner.............................................: Rob Haworth
Institution ..........................................: D.C. Correctional Treatment Facility

---

This subject was on the Docket for an Institutional Revocation Hearing, April 30, 2007. During the introductory remarks this examiner advised the subject of his right to have voluntary witnesses. PDS Attorney McCrystal spoke up and stated that it was her understanding that voluntary witnesses were not permitted at an Institutional Revocation Hearing. This examiner advised her that is incorrect and the subject is entitled to voluntary witnesses. Ms. McCrystal requested a brief recess to talk privately with the subject.

Ms. McCrystal and subject requested a Continuance. Ms. McCrystal accepted responsibility for giving the subject bad information about voluntary witnesses. The subject very strongly desires voluntary witnesses. He stated to this examiner that he is not guilty of this assault and he has witnesses who will help clear him. He understands that with the conviction it will be difficult but he believes that he could support his claim that he did not assault the alleged victim in this case.

Under these circumstances, this examiner granted a Continuance to the next available Docket. Attorney McCrystal will contact USPC Staff to obtain a hearing date. The subject will have voluntary witnesses at the next hearing.

JRH/PAH
May 5, 2007

**EXHIBIT**
**I**

**Easten, Stanley, Reg. No. 05722-016**                      **Page 1 of 1**



**U.S. Department of Justice**
United States Parole Commission

Chevy Chase, MD 20815

**Continuance of Hearing**

*Name* Easten, Stanley

*Register Number* 05722-016 *Institution* CTF

I hereby request continuance of my parole or revocation hearing from April 30, 2007
to next available date for the following reasons:

Attorney Mc crystal advised subject he could not
have voluntary witnesses at an institutional
revocation hearing, the was not correct on
that issue.
Subject wants to have voluntary witnesses

**Note:** One continuance may be granted by the examiner panel for good cause. A second continuance may be granted by the examiner panel only for **compelling reasons. Requests for more than two continuances must be in writing to the Regional Commissioner at least ten days prior to the scheduled hearing docket.**

4-30-07
(Date)

X _Easten_
(Signature)

_____      _____
(Witness signature)           (Name of Attorney, if any)

Continuance to Next available date _____ is hereby granted.

_Robertson Lawson_
(Commissioner or Examiner)

4-70-07
(Date)

_____
(Commissioner or Examiner)

**PAROLE FORM I-21**
**OCT. 85**

ATTACHMENT J

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| Name: Easten, Stanley | Institution: D.C. Correctional Treatment |
| Facility | |
| Register Number: 05722-016 | |
| DCDC No: 197-526 | Date:    May 7, 2007 |

---

As a result of the hearing conducted on April 30, 2007 the following action was ordered:

Continued to the next available docket to obtain voluntary witnesses.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies
may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

       Collen McCrystal
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Probation Office
       General Supervision Unit IX-Team 14
       CSOSA
       1418 Good Hope Road, S.E.
       Washington, D.C. 20020

       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

---

**EXHIBIT**
J

# ATTACHMENT K

# HEARING SUMMARY

**Name: Easten, Stanley**                                    **Reg No: 05722-016**

## Hearing Parameters

    Hearing Format ............................: **In Person**

    Hearing Type ...............................: **Revocation (Institutional)**

    Hearing Date ................................: May 17, 2007

    Examiner.......................................: Gregory E. Price

    Institution ....................................: D.C. Correctional Treatment Facility

    Second Designation .....................: Unknown

## Sentence Parameters

    Sentence Type..............................: **DC Parole Eligible**

    MR/Statutory Release Date..........: 2/25/2011

    Full Term Date..............................: 2/25/2011

    Months in Custody.......................: 6 as of 6/27/2007

    Detainer.......................................: None

## Warrant Parameters

    Supervision ...................................: **Parole**

    Revoking District & Office..........: CSOSA, 1418 Good Hope Road, SE, DC

    Warrant Execution Date...............: 12/28/2006

    Probable Cause Date....................: 3/1/2007

**Additional text regarding the above parameters:** None

---

**Prior Action:** Please see DC Institutional Revocation Prehearing dated March 1, 2007.

**Counsel:** Olinda Moyd, Chief, PDS
633 Indiana Avenue, NW
Washington, DC

**Witnesses:**

Ms. Dantveler indicated that she has known the subject for approximately 3 years. She stated that their relationship is good. She noted that she is the mother of two children, a 6 year old and a 20 month old child with whom the subject is the father. Ms. Dantveler noted that the subject is a good father to his

**Easten, Stanley, Reg. No. 05722-016**                    **Page 1 of 5**     EXHIBIT

K

children. She indicated that she is hopeful that they may marry some day so that they can raise their children together.

Later during the hearing, it was learned that Ms. Dantveler was the alleged victim in the Assault Case. She was brought back in and this examiner questioned her. She stated that she has secured a phone number out of the pants pocket of the subject and it had a lady's name on it. She also had the lady's telephone number. She called the lady and spoke to the lady who indicated that she was attracted to the subject. Ms. Dantveler stated that she was extremely upset and she began awakening the subject. They began arguing and she eventually asked him to leave her home. She began pushing him towards the door and the subject all the time asking her to stop. He also asked her to stop pushing him. She stated that he pushed her and she struck him on the side of the head with a remote control to the TV. She stated that he at that point grabbed her around her arms but she wrestled away from him. She stated that she then called the police and that he left the premises and called the police himself. She said the police arrived questioning both of them and then one of the police officer saw the scratch on her chest. This examiner questioned Ms. Dantveler about the police report that the subject had grabbed her by the neck when she reached for the telephone. She stated that the subject did not grab her by the throat. This examiner also questioned her about whether or not she struck the subject with a candle holder and she denied this, stating that she only struck him with the remote control. Attorney Moyd then asked her if during her anger if she had tossed things at the subject and she stated yes she had.

**Procedural Considerations:** Attorney Moyd objected to the conduct of the hearing stating that the subject's constitutional rights have been violated. She noted that the subject was convicted in December of 2006. She contended that the Commission should have executed the warrant shortly thereafter as opposed to March, 2007. This examiner questioned Attorney Moyd whether or not the delay had prejudiced her defense. She claimed that it did in that the probation officer who had submitted the report of violation is no longer employed by CSOSA. She also indicated that there was a second witness that would have been able to come to the 4/30/2007 hearing but that hearing was continued at the request of another attorney that the subject had at that time. This examiner pointed out that while the probation officer is no longer available and the witness is no longer available, that it would not change the fact that the subject has been convicted of an assault. As a result, this examiner has overruled the objection to the hearing.

**Charges:**

**Charge No. 1 - Law Violation - Assault.**
  **Evidence Presented:** The subject denied the above charge. Attorney Moyd indicated that although the subject was convicted on 12/15/2006 and sentenced to a term of 90 days, all but 15 days suspended, the subject denied that he assaulted the victim. He indicated that when the incident occurred that he had phoned the Metropolitan Police. He also stated that he was the party who went to the hospital for treatment. The subject indicated that there was a misunderstanding between him and the victim. He stated that he during the trial that he told the judge that he was awakened by his girlfriend who was upset. That she had found a phone number in his pants and had called the lady and had been told that they were having an affair. He also stated that during the trial that the police officer stated that the woman was a ? and not the subject. He noted that he was struck on the side of the head by a metal candle holder. He noted that he was taken to the hospital, treated and released. He noted the alleged victim had a scratch on her and based on that the police had seen his rap sheet indicating that he had a previous assault; the police officer arrested the subject and charged him with

Simple Assault. This examiner questioned the subject as to what the judge did at his hearing and he stated that the judge went along with the process submitted by the prosecutor. He also noted that he did not have any medical documentation at the trial.

Attorney Moyd pointed out that there are a number of mitigating circumstances pertaining to this case, including the observation that the judge had the same amount of information available to him as at today's hearing and he decided to sentence the subject to a 90 day term all suspended but 15 days. She reiterated the observation that the subject is the party who called the police and not the victim. Further, she noted that the subject had done quite well on supervision and she questioned the report of alleged violation by his former probation officer. While on supervision for 2 months short of 2 years, the subject had tested twice for marijuana. He did not test positive for any drugs after that second positive in July of 2006. According to the probation officer, the subject had been satisfactory in terms of his adjustment to supervision. He had established permanent residence, had established employment for approximately 18 months, and was reporting as directed. Attorney Moyd believes that the subject's performance on supervision warrants a downward departure as he appears to be a much better risk than reflected by his SFS.

This examiner has reviewed the information presented at today's hearing. Clearly, the subject was convicted of assault. The subject noted that the police officer seemed to have only arrested him after witnessing a small scratch on the alleged victim and reviewing the subject's police report which reflected that he had an assault charge previously. Additionally, after being sentenced by the judge, the subject began participating in the Anger Management Program but he was removed from that program as a function of the execution of the warrant. The subject has been having difficulties with the alleged victim for some time and this has been reflected in the report by his probation officer. It appears that the subject was pulled toward maintaining contact with the alleged victim because of his concern of his 20 month old son. Even at today's hearing, he noted that he had begun the process of trying to gain custody of the child prior to his arrest in the violation offense.

**Findings of Fact:**  This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:**  Your conviction dated 12/16/2006.

**Discipline:**  None.

**Release Plans:**  The subject indicated that he has since lost his apartment as a function of his arrest and he that he would require a halfway house placement in order for him to get back on his feet upon his release from custody.

## Guideline Parameters

**Severity Justification:**    Category Two because it involved Simple Assault.

**Salient Factor Score:**    2

**Re-parole Guideline Range:**.............. 16-22

**Evaluation:**  This is a 45 year old offender who has been in the community for nearly 2 years prior to the arrest on 8/28/2006. The subject has explained this arrest and the subsequent charge of Assault as emanated from initiated by his girlfriend because she had found a phone number in his pants pocket, has

called the number, and had been told by the woman answering the phone that she was a lover of the subject. The girlfriend became upset and began attacking the subject, demanding that he leave the premises and began striking the subject. It appears at some point the subject began to defend himself and pushed the alleged victim away. The police report indicated that the subject grabbed the victim by the throat as she reached for the telephone, at today's hearing the alleged victim stated that the subject did not go after her in fact she only indicated that the subject pushed her at one point. He indicated that she shared this information at the trial and the judge eventually found the subject guilty of Simple Assault. I must agree with Attorney Moyd that the judge who handled the assault charge was a rather minor charge and that he sentenced the subject to a total of 15 days for this offense. The subject stated that there was a misunderstanding between he and his girlfriend and while he acknowledges that he should have maintained structure between he and his girlfriend so that he could have maintained contact with his son that he clearly should not have continued to relate to her in the manner that he did. The subject comes across as being credible in describing the details of the incident. The subject had announced to his mother that he would not return to prison and consequently, the subject is feeling very guilty of having engaged in behavior that would result in his returning to prison. As stated earlier, the subject was employed as a mason worker and has become very involved in his community as well. In fact, he reported today that he is the president of his community watch. This examiner believes that the subject based on the report of his behavior while on supervision, is a much better risk than reflected in the SFS. He has secured stable residence and clearly has secured stable employment. He has been working for the same company for approximately 18 months of the 2 years that he was in the community. It appears that the subject has secured employment that had a living wage to it. The subject indicated that he was earning approximately $14 an hour and approximately $20 an hour when he was on standby status. Given that the subject has done so well while on supervision prior to his arrest this examiner is forwarding a decision that reflects a downward departure.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited.    Parole Effective 12/27/2007, after the service of 12 months.

**Conditions:** Special Drug Aftercare; Mental Health Aftercare; participate in the Anger Management Program; CCC Placement up to 120 Days.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A decision below the guidelines is warranted because the following circumstances are present: Your performance on supervision, including your full compliance (prior to the re-arrest) suggested that you were doing well on supervision and that you are a better risk than reflected by your SFS. Consequently, a downward departure is deemed appropriate.

**Additional Text:** None.

[Signature]

GEP/PAH
May 29, 2007

**Executive Reviewer's Comments:** Kostbar – 5/29/07

The Hearing Examiner recommends a below the guideline decision for this individual who has now suffered a conviction for Simple Assault/Domestic, while under supervision. He believes the subject is a better risk than indicated by his SFS citing positive social progress in the community during this period of supervision.

This Examiner does not find the subject to be a better risk, but rather, I find him a very poor risk as the violator conduct is very similar to the original offense behavior.

The original offense behavior was an assault against a female domestic partner as well. In fact, this behavior was repetitive and ran from 4/5/94 – 6/27/94 and included 3 occasions where the subject physically injured the victim, plus, numerous threats.

I would also note 3 entries in the PSI of Simple Assault charges which were dismissed as well as a dismissed stalking.

I believe a top of the guideline decision at 22 months is in order. Had it not been for the other positive social adjustment matters noted by the Hearing Examiner, I would have recommended an above the guideline decision.

Recommendation:

Revoke Parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service of 22 months, 10/27/08, with the special drug, anger and mental health aftercare condition.

**Second Reviewing Examiner Comments (S. Husk on 5/30/07)**

I support Examiner Kostbar's recommendation to place Easten back on parole only after he has served to the top of the Category Two guidelines. Easten has returned to the commission of a domestic violence crime while on parole for an offense involving repetitive assaults against a previous domestic partner. I believe this fact alone makes him a high risk to commit future crimes of violence against women and justifies a decision to parole him at the top of his guidelines.

# ATTACHMENT L

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: EASTEN, Stanley | Institution:  D.C. CTF |
| Register Number: 05722-016 | |
| DCDC No: 197-526 | Date:        June 1, 2007 |

As a result of the hearing conducted on May 17, 2007, the following action was ordered:

Revoke parole.  None of the time spent on parole shall be credited.  Re-parole effective December 27, 2007 after the service of 12 months.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission.  Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency.  That program may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

In addition, you shall participate in and complete anger management counseling as directed by your Supervision Officer.

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

**FINDINGS OF FACT:**

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violation: Assault.

Basis:  Your conviction dated 12-16-2006.

**REASONS:**

Your parole violation behavior has been rated as criminal conduct of Category Two severity because it involved Simple Assault.  Your salient factor score is 2.  See the attached sheet for an explanation of your individual Salient Factor Score items.  The table at the bottom presents the points for Salient Factor Score

EXHIBIT
L

Item C.  As of 06-27-2007, you have been in confinement as a result of your violation behavior for a total of 6 month(s).  Guidelines established by the Commission indicate a customary range of 16-22 months to be served before release.  After review of all relevant factors and information, a decision below the guidelines is warranted because the following circumstances are present:  Your performance on supervision, including your full compliance (prior to the re-arrest) suggested that you were doing well o supervision and that you are a better risk than reflected by your Salient Factor Score.  Consequently, a downward departure is deemed appropriate.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     D.C. Federal Billing Unit
        D.C. Department of Corrections
        ·Washington, D.C.  20003

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave. N.W., Room 1400
        Washington, D.C.  20001
        Warrants - Attn:  David Baldwin

        Olinda Moyd
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C.  20004

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C.  20001

Queued: 06-01-2007 15:14:44 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
| --- | --- |
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points For SFS Item C | | | |
| --- | --- | --- | --- |
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |