Stanley Easton-El
vs.
U.S. Parole Comm., Et. Al.

RECEIVED
JUL 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 07-839 RMU

Addendum To
Original Writ of Habeas Corpus

---

Petitioner exert that when the U.S. Parole Comm. applied the new Federal regulations and not the displaced D.C. Board regulations resulted in a longer period of incarceration for petitioner and is a direct violation of the Expost Facto Clause of the U.S. Constitution, Art I, § 9, cl. 3. Prior to the Commissions adoption of new regulations, parole and reparole determinations for D.C. Code offenders were guided by the D.C. Board's regulations. See D.C. Mun. Regs. tit. 28 § 100 et. seq. (1987) (repealed Aug. 5, 2000). Under these regulations a person who's parole was revoked "based on one or more new felonies or convictions" was entitled to an initial reparole hearing within 9 to 24 months and even less for a misdemeanor.

The Petitioner feel that there is no way this Honorable Court should hold him accountable for his lawyer lack of knowledge concerning the rules and regulations governing a parole revocation hearing. It was his lawyer's lack of knowledge which created the need for a delay. The government would like this Honorable Court to believe that he was not prejudicial affected by the violation of the Commission's own time requirements, however, Petitioner beg to different on that matter. Petitioner parole officer totally supported him and made it possible for him to remain on parole pending the out come of the charge because of his very excellant adjustment while on community supervision. Petitioner exerts that because of the delay he lost the support of, or should I say the testimony of his parole officer at his revocation hearing. What happen was his P.O. left CSOSA for another job in the private sector during the time he was waiting to receive his delayed revocation hearing. So in essence, because of the delay Petitioner lost a witness who would have given positive testimony on his behalf

Petitioner prays that this honorable court will deny the goverment motion for summarily judgement, and grant the Petitioner the relief he seek, or in the alternative grant him a full hearing on his request for a writ of Habeas Corpus.

Respectfully Submitted

*Stanley Easton El*

Stanley Easton-El
1901 E St. S.E. (CTF)
Wash. D.C. 20003