UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY EASTON-EL,            :
                              :
        Petitioner,            :   Civil Action No.  07-0839 (RMU)
                              :
v.                            :   Document Nos.:  1, 4, 13
                              :
U.S. PAROLE COMMISSION,        :
                              :
        Respondent.            :

MEMORANDUM OPINION

DENYING THE PETITIONER'S APPLICATION FOR A WRIT OF *HABEAS CORPUS*

I. INTRODUCTION

Before the court is the *pro se* petitioner's application for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2241.[1]  The petitioner claims that the United States Parole Commission's delay in providing him a final revocation hearing deprived him of due process.  Because the petitioner was not prejudiced by the delay, the court denies the application for a writ of *habeas corpus*.

II. BACKGROUND

On August 27, 2006, while on parole for a 1994 conviction entered by the Superior Court of the District of Columbia, the petitioner was arrested and charged with simple assault on his

---

[1] Although the petition is captioned as brought under 28 U.S.C. § 2254, this habeas provision is unavailable to District of Columbia code offenders because they have an analogous available remedy under D.C. Code § 23-110.  *See Swain v. Pressley*, 430 U.S. 372, 384 (1977) (§ 23-110's "scope is commensurate with [§ 2254's] habeas corpus relief.").  Because the pending application concerns the execution of the petitioner's sentence, it is properly before the court under the general habeas statute, 28 U.S.C. § 2241.  *See Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998) (distinguishing § 2241 claims based on "the executive department's execution of sentence," from § 23-110 claims based on "the trial court's imposition of sentence.").

fiancee, Darlene Dantveler.  Gov't. Opp'n at 2; Pet. ¶ 2.  The petitioner was convicted following a bench trial in Superior Court.  Gov't. Opp'n at 2; Ex. G.  On December 15, 2006, the petitioner was sentenced to 90 days' confinement with all but 15 days suspended and one year of supervised release.  *Id*.  Based on the foregoing events, the Commission issued a parole violator warrant for the petitioner's arrest, which was executed on December 28, 2006.  *Id*.; Ex. H.  The Commission scheduled a parole revocation hearing on April 30, 2007, but continued it to the next available date upon the petitioner's request for time to secure voluntary witnesses that his counsel had erroneously advised he could not present at the hearing.  *Id*.; Ex. I.

At the revocation hearing on May 17, 2007, Ms. Dantveler testified favorably for the petitioner but also recounted the events resulting in the petitioner's conviction for assaulting her.  Gov't. Ex. K at 1-2.  The petitioner also testified at the hearing, denying that he had assaulted Ms. Dantveler.  *Id*. at 2.  The hearing examiner found from the petitioner's conviction that the petitioner had committed the assault.  *Id*. at 3.  Thus, the hearing examiner recommended the revocation of parole with reinstatement after the petitioner's service of 12 months' incarceration.  *Id*. at 4.  The Commission adopted the hearing examiner's recommendation and scheduled a reparole date of December 27, 2007.  Gov't. Ex. L.

.                                      **III.  ANALYSIS**

The writ of *habeas corpus* may extend to a District of Columbia prisoner when it is shown that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### The Commission Did Not Deprive the Petitioner of Due Process

A parolee has a Fifth Amendment liberty interest in maintaining his "conditional" freedom

and therefore is entitled to due process prior to revocation. *See Ellis v. District of Columbia*, 84 F.3d 1413,1420 (D.C. Cir.1996) (*citing Morrissey v. Brewer*, 408 U.S. 471 (1972)).  That entitlement, however, is limited to notice and an opportunity to be heard in a reasonably timely manner.  *See id*. at 1421-24 (discussing *Morrissey* standards).  To establish an entitlement to *habeas corpus* relief based on delay, the petitioner must show that the delay was unreasonable and prejudicial.  *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (citations omitted).

Under the circumstances presented here, the parole guidelines required the setting of a parole revocation hearing within 90 days of the petitioner's arrest on the violator warrant.  28 C.F.R. § 2.102(e).  The Commission acknowledges that it did not comply with this requirement when it scheduled the petitioner's parole revocation hearing on April 30, 2007, rather than by March 29, 2007.

Assuming, without deciding, that the Commission's delay was unreasonable, the petitioner has not shown how the delay prejudiced him.  While the petitioner contends that the delay cost him the testimony of his former probation officer "who would have given positive testimony on his behalf," Addendum to Original Writ of Habeas Corpus [Dkt. No. 11] at 2, he has not presented any evidence showing when, as he contends, the probation officer left his position for a job in the private sector.  *See id*.  Moreover, in overruling the petitioner's counsel's objection to the parole hearing because of the delay, the hearing examiner determined that "while the probation officer is no longer available and the witness is no longer available, [] it would not change the fact that the subject has been convicted of an assault."  Gov't. Ex. K at 2.  Because the examiner found "that the subject violated the conditions of release as indicated in the [assault] charge," *id*. at 3, and there is no indication that the testimony of the unavailable witness would have persuaded the examiner to find differently, the petitioner cannot establish actual prejudice arising from the delay.

3

## IV.    CONCLUSION

For the reasons stated above, the court denies the petition for a *writ of habeas corpus*. An order consistent with this memorandum opinion is separately and contemporaneously issued this 6th day of November 2007.

RICARDO M. URBINA
United States District Judge
